IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLENDORA MANAGO, *et al.*, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CANE BAY PARTNERS VI, LLLP *et al.*,<br><br>Defendants. | Civil Action No. 20-cv-0945-LKG<br><br>Dated: September 2, 2022 |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

The Plaintiffs in this putative class action matter allege that Defendants have engaged in a scheme to provide short-term, usurious loans, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68; the Maryland Consumer Loan Law ("MCLL"), Md. Code Ann., Com. Law §§ 12-301-12-307, 11-201-11-223; the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101-13-501d; and other state laws. *See generally* Am. Compl., ECF No. 40. Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), and (b)(6). *See* Def. 1st Mot., ECF No. 90; Def. 1st Mem., ECF No. 90-1; Def. 2d Mot., ECF No. 91 Def. 2d Mem., ECF No. 91-1. These motions have been fully briefed. Pl. 1st Resp., ECF No. 99; Pl. 2d Resp., ECF No. 100; Def. 1st Reply, ECF No. 103; Def. 2d Reply, ECF No. 104. No hearing is necessary to resolve the motions. *See* L.R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss and **DISMISSES** the amended complaint.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

This putative class action matter involves civil RICO and various state law claims related to an alleged tribal lending scheme to make online short-term loans that carry high interest rates. *See generally* Am. Compl. Specifically, Plaintiffs allege that Defendants David Johnson and Kirk Chewning, and their company Cane Bay Partners VI, LLLP, (collectively, the "Cane Bay Defendants"), operated a lending company known as Makes Cents, Inc. d/b/a MaxLend ("MaxLend"). *See id.* at ¶¶ 1-12. Plaintiffs also allege that the Cane Bay Defendants, and members of the Mandan, Hidatsa, and Arikara Nation (the "MHA Nation") of North Dakota (the "Tribal Defendants"), have collaborated to make usurious loans to persons located throughout the United States through MaxLend, including certain loans made to the individually named Plaintiffs in this action. *See id.* at ¶¶ 77-113.

Plaintiffs assert the following 21 counts against the Cane Bay Defendants and the Tribal Defendants in the amended complaint: (1) Civil RICO claim against the Cane Bay Defendants (Count I); (2) RICO Conspiracy claim against the Cane Bay Defendants (Count II); (3) Maryland Consumer Loan Law claim against the Cane Bay Defendants (Count III); (4) Maryland Consumer Protection Act claim against the Cane Bay Defendants (Count IV); (5) Florida usury law claim against the Cane Bay Defendants (Count V); (6) Florida Deceptive and Unfair Trade Practices Act claim against the Cane Bay Defendants (Count VI); (7) Texas usury law claim against the Cane Bay Defendants (Count VII); (8) Texas Deceptive and Unfair Trade Practices Act claim against the Cane Bay Defendants (Count VIII); (9) North Carolina usury law claim against the Cane Bay Defendants (Count IX); (10) North Carolina Consumer Finance Act claim against the Cane Bay Defendants (Count X); (11) North Carolina Unfair Trade Practices Act claim against the Cane Bay Defendants (Count XI); (12) Oregon usury law claim against the Cane Bay Defendants (Count XII); (13) Michigan usury law claim against the Cane Bay Defendants (Count XIII); (14) Michigan Consumer Protection Act claim against the Cane Bay Defendants (Count XIV); (15) South Carolina usury law claim against the Cane Bay Defendants

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl."); Defendants' motions to dismiss ("Def. 1st Mot.; Def. 2d Mot.") and the memoranda in support thereof ("Def. 1st Mem.; Def. 2d Mem.").

2

(Count XV); (16) South Carolina Unfair Trade Practices Act claim against the Cane Bay Defendants (Count XVI); (17) Unjust Enrichment claim against the Cane Bay Defendants (Count XVII); (18) Civil Conspiracy claim against the Cane Bay Defendants (Count XVIII); (19) Civil RICO and RICO Conspiracy claims against the Tribal Defendants (Count XIV); (20) Declaratory Judgment claim against the Tribal Defendants (Count XX); and (21) Violations of state law claims against the Tribal Defendants (Count XXI). *Id*. at ¶¶ 149-292. As relief, Plaintiffs seek, among other things, to recover monetary damages from the Cane Bay Defendants and to receive prospective injunctive and declaratory relief from the Tribal Defendants. *Id*. at Prayer for Relief.

### The Parties

Plaintiff Gloria Manago is a Maryland resident who applied for, and received, two loans from MaxLend in 2019. *Id*. at ¶¶ 17, 89, 114. The other named Plaintiffs in this action are Karen Peterson, Diana Costa, Colleen Hunter, Sharon Davis, Leslie Turner, Camilla Vernon, and Lashaunya Morris (collectively, the "Out-of-State Plaintiffs"). The Out-of-State Plaintiffs are residents of Florida, Texas, North Carolina, Oregon, Michigan, and South Carolina, respectively, who applied for, and received, loans from MaxLend. *Id*. at ¶¶ 18-24, 117-34.

The Cane Bay Defendants—Kirk Chewning, David Johnson, and Cane Bay Partners VI, LLLP—founded MaxLend in December 2011.[2] *Id.* at ¶¶ 11, 89.

The Tribal Defendants, Richard Mayer, Mark Fox, Cory Spotted Bear, Sherry Turner-Lone Fight, Mervin Packineau, V. Judy Brugh, Fred Fox, Monica Mayer, Karen Rabbithead, David Blacksmith, and Wesley Scott Eilson are members of the MHA Nation. *Id.* at ¶¶ 28-38.

### The Alleged Tribal Lending Scheme

Plaintiffs allege that the Cane Bay Defendants entered into a tribal lending scheme with the MHA Nation in 2011. *Id*. at ¶ 88. Plaintiffs also allege that, pursuant to this scheme, MaxLend offers high-interest short-term loans and charges up to 841.4532% annual interest on short-term loans in the amount of up to $2,500.[3] *Id*. at ¶ 85.

---

[2] Defendants Chewning and Johnson are residents of the U.S. Virgin Islands. Am. Compl. at ¶¶ 25-26. Defendant Cane Bay Partners VI, LLLP is based in the U.S. Virgin Islands. *Id*. at ¶ 27.

[3] Plaintiff Glendora Manago alleges that she applied for, and received, two loans from MaxLend in 2019. Am. Compl. at ¶¶ 114-16. The first loan was in the amount of $400 and had an interest rate of 605.58%.

In this regard, Plaintiffs contend that MaxLend "is merely a front for [Kirk Chewning's and David Johnson's] business which is operated through non-tribal entity Cane Bay Partners and other non-tribal companies associated with Johnson and Chewning." *Id*. at ¶ 86. Plaintiffs also contend that the Cane Bay Defendants, and other affiliated entities, operate this lending business by "securing funding, registering domains, designing the websites, marketing the business, underwriting and approving loans, and analyzing returns to adjust the lending algorithms." *Id*. at ¶ 87. And so, Plaintiffs maintain that the MHA Nation "has little meaningful involvement in" MaxLend.[4] *Id*.

Plaintiffs' RICO Claims

Specifically relevant to the pending motions to dismiss, Plaintiffs allege that an "[e]nterprise, consisting of each named Defendant and the unnamed officers, executives, and other employees of Cane Bay, MaxLend, and Cane Bay Defendants' other companies involved in the [tribal lending] scheme, is in fact an 'enterprise' as that term is defined in 18 U.S.C. § 1961(4), associated for the common purpose of profiting off of the collection on unlawful debt by offering and collecting on loans to consumers throughout the United States through the online lender MaxLend." *Id*. at ¶¶ 151, 254. Plaintiffs also allege that the Cane Bay Defendants violated RICO "by participating, directly or indirectly, in the conduct of the Enterprise's affairs in the collection of unlawful debt." *Id*. at ¶¶ 153, 256. And so, Plaintiffs contend that they have been injured as a result of the Cane Bay Defendants' alleged RICO violations by, among other things, "the payment of unlawful and usurious rates of interest on loans made by the Enterprise." *Id*. at ¶¶ 158, 259.

---

*Id*. at ¶ 115. Plaintiff Manago alleges that she ultimately paid $1,836.20 to pay off this loan. *Id*. Plaintiff Manago also alleges that she received another loan from MaxLend in the amount of $600 and that the interest rate for this loan was 581.89%. *Id*. at ¶ 116.

[4] Plaintiffs allege that another company, Makes Cents, Inc. ("Makes Cents"), was organized as a tribal company owned entirely by the MHA Nation in 2011, and that Makes Cents operates under the name "MaxLend." Am. Compl. at ¶ 89. Plaintiffs further allege that the MHA Nation organized another company, First Cents, Inc. ("First Cents"), which was a wholly owned subsidiary of Makes Cents. *Id*. Plaintiffs contend that the MHA Nation authorized a "Referral Agreement" between Makes Cents, First Cents, and another company operated by David Johnson and Kirk Chewning—TranDotCom Solutions for TranDotCom—to engage in marketing and to advise and assist with the development of the lending business. *Id*. at ¶ 90.

**B.     Procedural Background**

Plaintiffs commenced this matter on April 13, 2020, and they amended the complaint on December 15, 2020.  Compl., ECF No. 1; Am. Compl.

On February 4, 2022, Defendants filed a motion to dismiss the Out-of-State Plaintiffs' claims, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3).  Def. 1st Mot.; Def. 1st Mem.  Plaintiffs filed a response in opposition to Defendants' motion on March 4, 2022.  Pl. 1st Resp.  Defendants filed a reply in support of their motion on March 25, 2022.  Def. 1st Reply.

On February 4, 2022, Defendants also filed a motion to dismiss Plaintiff Glendora Manago's claims, pursuant to Fed. R. Civ. P. 12(b)(6).  Def. 2d Mot.; Def. 2d Mem.  Plaintiffs filed a response in opposition to this motion on March 4, 2022.  Pl. 2d Resp.  Defendants filed a reply in support of their motion on March 25, 2022.  Def. 2d Reply.

These motions having been fully briefed, the Court resolves the pending motions.

**III.    LEGAL STANDARDS**

**A.     Fed. R. Civ. P. 12(b)(2)**

A motion to dismiss for lack of personal jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(2) "raises an issue for the [C]ourt to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  To do so, a plaintiff need only make "a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson*, 816 F.3d at 268.  When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(2), the Court may "rule solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 437 (D. Md. 2019) (citations omitted).  And so, the Court must consider all disputed facts and make reasonable inferences in favor of the plaintiff in determining whether the plaintiff has made the requisite showing that the Court possesses personal jurisdiction over a defendant.  *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty., N.C.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### C. Civil RICO Claims

Congress enacted the Racketeer Influenced and Corrupt Organizations Act as Title IX of the Organized Crime Control Act of 1970. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997). Title 18, United States Code, Section 1962 provides that "[i]t [is] unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). Congress has "granted a private civil right of action to '[a]ny person injured in his business or property by reason of' the RICO provisions." *ESAB Grp.*, 126 F.3d at 626 (citing 18 U.S.C. § 1964(c)).

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An "enterprise" requires proof of three elements: (1) an ongoing organization; (2) associates functioning as a continuing unit; and (3) the enterprise functioning as an entity "separate and apart from the pattern of activity in which it engages." *Proctor v. Metro.*

6

*Money Store Corp.*, 645 F. Supp. 2d 464, 477-78 (D. Md. 2009) (citation omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) to include a laundry list of "indictable" acts, such as mail fraud, wire fraud, financial institution fraud, and many other crimes. *See* 18 U.S.C. § 1961(1)(B).

To successfully plead a civil RICO claim, a plaintiff must allege "1) conduct [causing injury to business or property] 2) of an enterprise 3) through a pattern 4) of racketeering activity." *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)); *see also Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000) (citing 18 U.S.C. §§ 1962, 1964); *Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F. Supp. 2d 826, 841-42 (D. Md. 2013); *Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 472 (D. Md. 2012). A prevailing plaintiff in a civil RICO action is entitled to treble damages, costs, and attorney's fees. *See Friedler v. Cole*, No. 04-1983, 2005 WL 465089, at *7 (D. Md. Feb. 28, 2005) (citing 18 U.S.C. § 1964(c)). But, the Fourth Circuit has cautioned that "Congress contemplated that only a party engaging in widespread fraud would be subject to" the "serious consequences" available under the RICO statute. *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989). And so, this Court has recognized the "need to limit [RICO's] severe penalties to offenders engaged in ongoing criminal activity, rather than isolated wrongdoers." *Friedler*, 2005 WL 465089, at *7.

### D.     MCPA Claims

The Maryland Consumer Protection Act prohibits "unfair . . . or deceptive trade practice[s]." Md. Code Ann., Com. Law § 13-303. Under Maryland law, a private party bringing a claim under the MCPA must demonstrate: (1) an unfair or deceptive practice or misrepresentation; (2) that is relied upon; and (3) causes them actual injury. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citation omitted).

### E.     MCLL Claims

The Maryland Consumer Loan Law prohibits a lender from making loans without a license from the Maryland Office of the Commissioner of Financial Regulation, and prohibits a lender from charging interest on loans in excess of the maximum interest rates provided within that statute. Md. Code Ann., Com. Law §§ 12-301-12-307; §§ 11-201-11-223. The MCLL

7

defines a "lender" as "a licensee or a person who makes a loan subject to this subtitle." Md. Code Ann., Com. Law § 12-301(c); *see also Price v. Murdy*, No. 17-736, 2018 WL 1583551, at *8 (D. Md. Mar. 30, 2018). And so, a private party bringing a claim under the MCLL must demonstrate that the defendant is a "'lender' that is 'engaged in the business of making loans' under the provisions of the MCLL." *Nagle & Zaller, P.C. v. Delegall*, No. 6, Sept. Term, 2021, 2022 WL 3272458, at *17 (Md. Aug. 11, 2022) (quoting Md. Code Ann., Com. Law § 12-302).

### IV.   LEGAL ANALYSIS

Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3) and (b)(6), upon the grounds that: (1) Plaintiff Glendora Manago fails to state plausible RICO and Maryland state law claims in the amended complaint; (2) the Court lacks personal jurisdiction over all Defendants as to the Out-of-State Plaintiffs' claims; and (3) venue is improper over all Defendants as to the Out-of-State Plaintiffs' claims. *See generally* Def. 1st Mem.; Def. 2d Mem.

Specifically, Defendants argue that Plaintiff Manago fails to state plausible civil RICO claims in this action, because: (1) she cannot pursue a RICO claim against the Tribal Defendants for only injunctive relief; (2) she does not allege sufficient facts to establish the elements of a RICO enterprise; and (3) she fails to allege a plausible RICO conspiracy claim against the Cane Bay Defendants. Def. 2d Mem. at 7-14. Defendants also argue that Plaintiff Manago's Maryland state law claims should be dismissed, because her declaratory judgment and violation of state law claims against the Tribal Defendants are not standalone claims and she fails to state plausible MCLL, MCPA, unjust enrichment and civil conspiracy claims in the amended complaint. *Id.* at 14-34. Lastly, Defendants argue that venue is not proper in this District, and that the Court lacks personal jurisdiction over all Defendants with regards to the Out-of-State Plaintiffs' claims, because these Plaintiffs cannot rely upon the federal RICO claims asserted in this action to establish pendant jurisdiction. Def. 1st Mem. at 12-20.

In their responses in opposition to the Defendants' motions, Plaintiffs concede that they cannot pursue their RICO claim against the Tribal Defendants. Pl. 2d Resp. at 6. But, they counter that the Court should not dismiss the remaining RICO claims in this action against the Cane Bay Defendants, because the amended complaint plausibly states a RICO claim with regards to these Defendants. *Id*. at 7-16. Plaintiffs further argue that they state plausible MCLL,

8

MCPA, unjust enrichment, civil conspiracy, declaratory judgment, and injunctive relief claims in the amended complaint. *Id.* at 26-35. In addition, Plaintiffs contend that venue is proper, and that the Court possesses personal jurisdiction over all Defendants, with regards to the Out-of-State Plaintiffs' claims. Pl. 1st Resp. at 3-5. And so, Plaintiffs request that the Court deny Defendants' motions to dismiss. *Id.* at 7; Pl. 2d Resp. at 35.

For the reasons discussed below, a careful reading of the amended complaint makes clear that Plaintiffs have not plausibly alleged civil RICO and RICO conspiracy claims in the amended complaint, because the amended complaint lacks sufficient factual allegations to demonstrate the existence of a RICO enterprise. In the absence of a viable federal RICO claim, the Out-of-State Plaintiffs cannot establish pendant jurisdiction to pursue their state law claims. A careful reading of the amended complaint also shows that Plaintiff Manago's MCLL, MCPA, unjust enrichment, and civil conspiracy claims are not plausible, and that without these state law claims, there is no legal basis for her requests for declaratory and injunctive relief. And so, the Court GRANTS Defendants' motions to dismiss and DISMISSES the amended complaint.

### A.     Plaintiffs Fail To State Plausible RICO Claims

As an initial matter, Defendants persuasively argue that Plaintiffs have not stated plausible civil RICO claims in this action. As Plaintiffs acknowledge, they cannot pursue their civil RICO claim against the Tribal Defendants, because this claim seeks only prospective injunctive relief. *See Hengle v. Treppa*, 19 F.4th 324, 357 (4th Cir. 2021), *cert. dismissed sub nom*. *Asner v. Hengle*, 142 S. Ct. 2093 (2022) (stating that a private plaintiff may not seek injunctive relief under RICO); *see also* Pl. 2d Resp. at 6; Am. Compl. at ¶¶ 112, 251-65 (seeking prospective injunctive relief from the Tribal Defendants). And so, the Court must DISMISS the civil RICO claim against the Tribal Defendants set forth in Count XIX of the amended complaint. Fed. R. Civ. P. 12(b)(6).

Plaintiffs' RICO claims against the Cane Bay Defendants are also problematic. To succeed on these claims, Plaintiffs must demonstrate, among other things, the existence of an "enterprise" that engaged in a pattern of racketeering activity. *Morley*, 888 F.2d at 1009 (citation omitted). The RICO statute defines an "enterprise" to mean "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). And so, to demonstrate the existence of a

9

RICO enterprise, Plaintiffs must sufficiently allege facts to show: (1) a purpose; (2) relationships among the associates; and (3) longevity sufficient to permit the associates to pursue the enterprise's purpose. *See Boyle v. United States*, 129 S. Ct. 2237, 2240 (2009); *see also Grant*, 871 F. Supp. 2d at 473 (explaining that to demonstrate an enterprise, plaintiffs must produce "factual averments regarding the relationships between or among Defendants," explaining how they "function[ed] as a continuing unit.").[5]

Plaintiffs have not met this standard in the amended complaint. In the amended complaint, Plaintiffs generally allege that the Cane Bay Defendants violated RICO by forming an enterprise "with an ascertainable structure, and function[ing] as a continuing unit with separate roles and responsibilities," for the purpose of profiting off the collection of unlawful debt. Am. Compl. at ¶¶ 149-61; *see also id*. at ¶ 151 (alleging that the RICO enterprise contains unnamed officers, executives, and other employees of Cane Bay, MaxLend, and other companies). But, the amended complaint is devoid of any facts about the structure or organization of the alleged RICO enterprise. *See generally* Am. Compl.

Notably, there are no facts in the amended complaint to show either: (1) the specific nature of the "structure" that the Cane Bay Defendants' alleged RICO enterprise employed, or (2) what "roles and responsibilities" the Cane Bay Defendants had in maintaining the alleged RICO enterprise. *See generally id*. Indeed, while Plaintiffs generally allege that the Cane Bay Defendants "run the lending business" at issue in this case, the amended complaint does not state the nature of the roles and responsibilities that the Cane Bay Defendants had in carrying out the alleged RICO enterprise. *See id*. at ¶ 87.

The absence of this factual detail is fatal to Plaintiffs' RICO claims. *See* 18 U.S.C. § 1962(c); *Grant*, 871 F. Supp. 2d at 473 (holding that plaintiffs failed to sufficiently allege a RICO claim because the complaint contained "no factual averments regarding the relationships between or among Defendants, much less how they 'function[ed] as a continuing unit.'") (citation omitted); s*ee also GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2

---

[5] To establish liability under Section 1962, Plaintiffs "must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Mitchell Tracey v. First Am. Title Ins. Co*., 935 F. Supp. 2d 826, 842 (D. Md. 2013) (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)).

(4th Cir. 2001) ("Because the pleadings do not state a substantive RICO claim under § 1962(c), Plaintiffs' RICO conspiracy claim fails as well.") (citing *Efron v. Embassy Suites (P.R.), Inc.*, 223 F.3d 12, 21 (1st Cir. 2000)).  And so, the Court DISMISSES Plaintiffs' RICO claims against the Cane Bay Defendants.  Fed. R. Civ. P. 12(b)(6).

      **B.**    **The Court Must Also Dismiss The Out-Of-State Plaintiffs' Claims**

The Court must also dismiss the various state law claims asserted by the Out-of-State Plaintiffs, because these Plaintiffs fail to establish that the Court may consider these claims.  In Counts V to XVI; XX; and XXI of the amended complaint, the Out-of-State Plaintiffs assert claims under Florida, Texas, North Carolina, Oregon, Michigan, and South Carolina state law.  Am. Compl. at ¶¶ 185-245; 266-92.  This Court may exercise jurisdiction over these claims only if the Out-of-State Plaintiffs can show that it is appropriate to apply the doctrine of pendant jurisdiction.  This doctrine allows the Court to adjudicate state law claims when a claim authorized by federal law and Article III of the Constitution is properly before the Court and the claim is related to a state law claim that is not independently subject to federal jurisdiction.  *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  And so, the Court may only consider the Out-of-State Plaintiffs' state law claims if these claims arise under a "common nucleus of operative fact" as a viable federal claim in this case.  *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 178 (D. Md. 2019).

As discussed above, Plaintiffs have not asserted plausible civil RICO claims in this case.  Given this, the Out-of-State Plaintiffs cannot rely upon the federal RICO statute to establish pendant jurisdiction over their state law claims.  *See ESAB Grp., Inc.*, 126 F.3d at 628.  Because the Out-of-State Plaintiffs do not advance another federal claim that they can rely upon to establish pendant jurisdiction, the Court must also DISMISS the state law claims set forth in Counts V to XVI; XX; and XXI of the amended complaint.  *See* Fed. R. Civ. P. 12(b)(2).

      **C.**    **Plaintiff Manago Fails To State Plausible State Law Claims**

The remaining claims in this action involve Plaintiff Manago's claims under Maryland state law.  *See* Am. Compl. at ¶¶ 170-84; 246-50; 266-92.  For the reasons that follow, the Court must also DISMISS these claims.

### 1.      Plaintiff Manago Fails To State A MCLL Claim

First, Plaintiff Manago fails to state a plausible claim under the Maryland Consumer Loan Law, because the factual allegations in the amended complaint do not show that the Cane Bay Defendants are "lenders" under that statute.  In Count III of the amended complaint, Plaintiff Manago alleges that the Cane Bay Defendants violated the MCLL by carrying out the tribal lending scheme alleged in this action.[6]  *See id*. at ¶¶ 170-77.  But, she fails to allege any facts to show that the Cane Bay Defendants are "lenders" that are engaged in the business of making loans under the provisions of the MCLL.  *See generally id.*; s*ee also Nagle & Zaller, P.C.*, 2022 WL 3272458, at *17 (quoting Md. Code Ann., Com. Law § 12-302); Md. Code Ann., Com. Law §§ 12-306, 12-314; Md. Code Ann., Com. Law § 12-301 (defining the term "lender" as "a licensee or a person who makes a loan subject to this subtitle.").  Rather, the amended complaint alleges that Plaintiff Manago received her loans from MaxLend, which is not named as a defendant in this case.  Am. Compl. at ¶¶ 114-34.  Given this, the amended complaint does not state a plausible MCLL claim against the Cane Bay Defendants and the Court must DISMISS Count III of the amended complaint.  *See* Fed. R. Civ. P. 12(b)(6).

### 2.      Plaintiff Manago Fails To State A MCPA Claim

Dismissal of Plaintiff Manago's MCPA claim is also warranted, because the amended complaint lacks facts to show that the Cane Bay Defendants made a misrepresentation of fact which caused her injury.  In Count IV of the complaint, Plaintiff Manago alleges that the Cane Bay Defendants violated the MCPA by engaging in a lending scheme in violation of Maryland law and omitting that the loans at issue were illegal in the State of Maryland.  *See* Am. Compl. at ¶¶ 178-84.  To prevail on this claim, Plaintiff Manago must show:  (1) an unfair or deceptive practice or misrepresentation; (2) that is relied upon; and (3) causes her actual injury.  *See Stewart*, 859 F. Supp. at 768; *see also Bank of Am. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 532 (D. Md. 2011).  But, again, the amended complaint lacks factual allegations to show that the Cane Bay Defendants made any misrepresentations to Plaintiff Manago.  *See generally*

---

[6] Plaintiffs allege that MaxLend "is merely a front for" Defendant Cane Bay Partners VI, LLLP, but they provide no factual allegations in the amended complaint to substantiate this claim.  Am. Compl. at ¶ 86.  Because the Court concludes that the amended complaint fails to state a MCLL claim, the Court does not reach the issue of whether this statute confers a private right of action.  *See* Def. 2d. Mem. at 17-22.

Am. Compl.  In fact, the amended complaint is devoid of any information about:  (1) the misrepresentations that the Cane Bay Defendants allegedly made; (2) which Cane Bay Defendants made any such misrepresentations; and (3) when the alleged misrepresentations were made.[7]  *See generally id*.  Plaintiff Manago similarly fails to identify an unfair or deceptive practice on the part of the Cane Bay Defendants to support this claim.  *See generally id*.

In addition, the amended complaint lacks factual allegations to show that Plaintiff Manago relied upon any misrepresentations by the Cane Bay Defendants.  *See generally id*.; *see also Bank of Am*., 822 F. Supp. 2d at 532 (explaining that a consumer relies on a misrepresentation "when the misrepresentation substantially induces the consumer's choice."). Given this, Plaintiff Manago fails to state a plausible MCPA claim against the Cane Bay Defendants.  And so, the Court DISMISSES Count IV of the amended complaint.

### 3. Plaintiff Manago Fails To State A Civil Conspiracy Claim

Plaintiff Manago also cannot prevail on her civil conspiracy claim against the Cane Bay Defendants, because she fails to sufficiently allege facts to identify an agreement to conspire among these Defendants.  In Count XVIII of the amended complaint, Plaintiff Manago alleges that the Cane Bay Defendants conspired among themselves and with "other actors" to "violate state usury and lending laws and profit from those violations."  Am. Compl. at ¶ 249; *see also Marshall v. James B. Nutter & Co*., 758 F.3d 537, 541 (4th Cir. 2014) (citations omitted) (Maryland law defines a "civil conspiracy" as the "combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff.").  But, the amended complaint lacks factual allegations about the nature of any agreement to conspire by and among the Cane Bay Defendants in carrying out the alleged tribal lending scheme.  *See generally* Am Compl.

In this regard, the amended complaint alleges that Defendants Johnson and Chewning organized Cane Bay Partners VI, LLLP "for the purpose of evading state usury laws."  *Id.* at ¶

---

[7] Plaintiff Manago argues that the Cane Bay Defendants failed to disclose that MaxLend was not licensed in Maryland and that the loans at issue were illegal.  Pl. 2d Resp. at 28.  But, the legality of the loans at issue is a legal question, not a material statement of fact.  The amended complaint also does not contain any allegations that the *Cane Bay Defendants* communicated with Plaintiff Manago regarding her loans.  Am. Compl. at ¶¶ 114-16 (alleging that Manago applied for these loans over the Internet from MaxLend).

79.  But, there are no factual allegations in the amended complaint regarding how the Cane Bay Defendants purportedly agreed to conspire to violate state usury and lending laws.  *See generally id.*  Rather, the amended complaint simply alleges in a conclusory fashion that the Cane Bay Defendants entered into a tribal lending scheme with the Tribal Defendants, rather than complying with state licensing and lending laws.  *Id*. at ¶ 83.  More specificity about the nature of the Cane Bay Defendants' alleged agreement to evade state lending and usury laws is needed to state a plausible civil conspiracy claim under Maryland law.  *See Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 611 (D. Md. 2014) (holding that plaintiff failed to state a civil conspiracy claim where the complaint failed to provide details as to "when [the] agreement was reached or the contours of the agreement.").  And so, the Court must also DISMISS Count XVIII of the amended complaint.

### 4.    Plaintiff Manago Fails To State An Unjust Enrichment Claim

Plaintiff Manago's unjust enrichment claim in Count XVII of the amended complaint is also problematic.  To state a claim for unjust enrichment, Plaintiff Manago must show:  (1) a benefit that she conferred upon the Cane Bay Defendants; (2) an appreciation or knowledge by the Cane Bay Defendants of this benefit; and (3) the acceptance or retention by the Cane Bay Defendants of the benefit under such circumstances as to make it inequitable for the Cane Bay Defendants to retain the benefit without the payment of its value.  *See MTBR LLC v. D.R. Horton, Inc.*, No. 7-3363, 2008 WL 3906768, at *11 (D. Md. Aug. 22, 2008) (citing *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc*., 747 A.2d 600, 607 n.7 (Md. 2000)).

Here, Plaintiff Manago alleges that the Cane Bay Defendants have been unjustly enriched, by collecting "illegal, usurious interest rates from" her.  Am. Compl. at ¶ 246.  But, the amended complaint makes clear that Plaintiff Manago made her loan payments to *MaxLend*, rather than to any of the Cane Bay Defendants.  *Id.* at ¶¶ 114-16.  Plaintiff Manago also fails to explain how her loan payments to MaxLend conferred any benefits on the Cane Bay Defendants.  *See generally id.*; *see also* Pl. 2d Resp. at 29-32.  Given this, Plaintiff Manago has not sufficiently alleged an unjust enrichment claim against the Cane Bay Defendants.  And so, the Court also DISMISSES Count XVII of the amended complaint.  *See* Fed. R. Civ. P. 12(b)(6).

### 5. The Court Must Dismiss Plaintiff Manago's Declaratory And Injunctive Relief Claims

As a final matter, the Court must also dismiss Plaintiff Manago's remaining declaratory judgment and injunctive relief claims against the Tribal Defendants, because such relief does not constitute an independent claim. In Counts XX and XXI of the amended complaint, Plaintiff Manago seeks a declaratory judgment against the Tribal Defendants and to enjoin the Tribal Defendants from, among other things, "continuing to collect on the illegal loans in Maryland." *Id*. at ¶¶ 266-92. But, this Court has long recognized that:

> Neither the Declaratory Judgment Act nor Rule 65 provide a basis for an independent claim. Rather, they are available forms of relief, should the court otherwise have a valid cause of action before it.

*Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006). Given this, Plaintiff Manago cannot assert separate claims for a declaratory judgment or injunctive relief in this case. And so, the Court also DISMISSES Counts XX and XXI of the amended complaint. *See* Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

In sum, a careful reading of the amended complaint makes clear that Plaintiffs have not plausibly alleged civil RICO and RICO conspiracy claims in the amended complaint. The Out-of-State Plaintiffs also have not met their burden to show that the Court may consider their state law claims. Plaintiff Manago similarly fails to state plausible Maryland state law claims in the amended complaint and she cannot bring independent claims for declaratory and injunctive relief in this action. And so, for the foregoing reasons, the Court:

1. **GRANTS** Defendants' motions to dismiss; and
2. **DISMISSES** the amended complaint.

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge